UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEBRA NELIS, | CIVIL ACTION NO: |
| Plaintiff | |
| vs. | |
| HARTFORD FIRE INSURANCE COMPANY, | |
| Defendant | JUNE 21, 2021 |

## COMPLAINT

1. This is a Complaint under Title VII of the Civil Rights Act of 1964, as amended (42 Sec. U.S.C. 2000e, et seq.); the Age Discrimination in Employment Act (29 U.S.C. Sections 621-634); and the Connecticut Fair Employment Act (46a-58(a), et seq., 46a-60(b)(1) and 46a-60(b)(4)) to remedy violations of the rights of the Plaintiff Debra Nelis.

## JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Sec. 1331; 42 U.S.C. Sec. 2000e Sec.5(f); 29 U.S.C. Sec.7(f), and 28 U.S.C. Sec. 1367. Plaintiff invokes the original and supplemental jurisdiction of this Court to decide claims arising under Federal and Connecticut law, including, but not limited to, claims that Defendant committed unlawful discriminatory and retaliatory practices relating to employment by denying Plaintiff equal terms, conditions and privileges of employment because of her sex, age and/or because she opposed discriminatory employment practices.

-1-

3. Venue is proper in the United States District Court, District of Connecticut, in that the unlawful employment practices were committed in whole or part in the District of Connecticut.

## CONDITIONS PRECEDENT/EXHAUSTION OF ADMINISTRATIVE REMEDIES

4. On or about April 1, 2020, Plaintiff dual filed a charge of discrimination and retaliation with the Connecticut Commission on Human Rights and Opportunities ("CHRO") (Charge No. 2010481) and with the U.S. Equal Employment Opportunity Commission ("EEOC") (Charge No. 16A-2020-00971).

5. On or about April 28, 2021 the EEOC issued a Notice of Right to Sue letter to Plaintiff and on that same date the CHRO issued a Release of Jurisdiction letter to the Plaintiff. Plaintiff has therefore timely commenced the instant action within all time limits allotted and has exhausted all necessary administrative remedies.

## PARTIES

6. Plaintiff Debra Nelis, at all times relevant to this Complaint, is a female born in 1965, a citizen of the United States and a resident of the State of Connecticut. She was and is at all times relevant herein an employee of Hartford Fire Insurance Company ("**HFIC**" or "**Defendant**"). Plaintiff is at all times relevant an "Employee" within the meaning of Title VII of the Civil Rights Act of 1964, the

Age Discrimination in Employment Act, and the Connecticut Fair Employment Practices Act.

7. Defendant Hartford Fire Insurance Company is a corporation organized and existing under the laws of the State of Connecticut and at all relevant times has its principal place of business in Hartford, CT. Defendant is an "Employer" within the meaning of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Connecticut Fair Employment Act. Defendant is in the business of providing insurance, group benefits and investment products to individuals and business customers. At all times relevant, Defendant employed 20 or more individuals.

## FACTS

8. The discriminatory and unlawful conduct upon which this Complaint is based occurred in Hartford, CT. Plaintiff alleges herein that she was discriminated against by (a) being terminated on the basis of her gender and/or retaliated against because of her complaints of gender discrimination, and (b) not hired because of her age and/or in retaliation for having previously complained about gender discrimination.

9. Plaintiff began her employment with HFIC Fire on May 7, 2018. Her job title when she began employment was "Sustainability Leader."

10. In that position, her job responsibilities included coaching and developing senior leaders and their direct reports to learn and adopt the concepts of The Hartford Way (aka Lean Management/Continuous Improvement).

11. When Plaintiff began that job, her immediate supervisor was Laif Wheeler.

12. In August, 2018, Plaintiff was promoted to the position of Assistant Vice President, Sustainability Lead.

13. In that new position of Assistant Vice President, Sustainability Lead, Plaintiff's job responsibilities included leading a team of Sustainability Leaders to coach and develop business leaders learn and adopt the concepts of The Hartford Way (for example, leading with humility, thinking systemically, embracing problem solving, creating transparency, developing people to their fullest potential, connecting the work that people do to the corporate vision, discovering new ways of working, delivering value efficiently to customers, etc.).

14. In this Assistant Vice President position, the Plaintiff reported to Peter Beaupre (as Mr. Wheeler was no longer her supervisor) and also had significant reporting responsibilities to Ellyn Stoltz, HR Business Partner, who was highly placed in the Human Resources Department supporting Personal Lines.

15. On or about March 8, 2019, Plaintiff received her performance review for 2018. That review contained many things that Plaintiff complained and disagreed with, and she expressed her dissatisfaction and disagreement with these items, in writing.

16. At that time, Plaintiff complained about gender discrimination in that 2 male employees from her team who received the exact same overall rating that she did received bonuses, yet she did not. She complained that this reflected obvious favoritism toward males within the company and requested to Peter Beaupre that she be reconsidered for a bonus, but that request was denied.

17. There were multiple and objectively provable inaccuracies and false statements in Plaintiff's 2018 review. She then moved back to her prior position, where she hoped that the risk of termination would be less, for various reasons. Nonetheless, Plaintiff feared further discriminatory treatment and retaliation.

18. Plaintiff's direct supervisor in that position was Todd Panek, who had been hired to replace Plaintiff when she was promoted, and had started on September 15, 2019.

19. October 16, 2019, Plaintiff's supervisor Todd Panek met with Plaintiff's team (him and 4 other individuals) and stated that a decision had been made by Peter Beaupre and Ellyn Stoltz to reduce Plaintiff's team from 4 to 2 (excluding Mr. Panek, who would retain his position). As a result, there would be 2 Sustainability Leaders instead of 4. 2 of the other Sustainability Leaders immediately found positions elsewhere with the Defendant, leaving just Plaintiff and another Sustainability Leader who had previously been on the team as well.

20. At that point, the team had been automatically reduced to 2 Sustainability Leaders, and therefore and logically nothing further needed to be done to reduce the team to 2 individuals. However, others were interviewed for the positions, and Plaintiff was informed on December 13, 2019, that she had not been chosen for the position, even though Plaintiff was already serving in that position, had never received any negative reviews in that position, and had always performed that position in an excellent fashion.

21. Mr. Panek was reporting his decision-making (or any decision-making on hires) to Ellyn Stoltz and/or Peter Beaupre (both of whom were aware that Plaintiff had previously complained of gender discrimination), and that Plaintiff was directly retaliated against by being terminated from her job. Mr. Panek was also aware of Plaintiff's prior complaints of discrimination.

22. After notification that the team was being reduced to 2, and fearful that she would be subjected to unlawful discrimination and retaliation with respect to remaining on the team, Plaintiff looked into various other jobs with the Respondent. One of the

jobs she applied for was an IT leadership position, for which she was completely qualified. However, on or about November 6, 2019, she was told that her skills were "too old and/or "outdated." Plaintiff took this as clearly meaning that she was being viewed as a "dinosaur," as it were and has no other logical meaning.

23. Plaintiff subsequently learned that supposedly the skills involved a computer program that she was already familiar with and had used, and would have been able to regain proficiency within an extremely short time (a week or two). To Plaintiff's knowledge, by the time she left the company, and a while after she had applied for the position, the position still had not been filled.

24. Defendant failed to hire Plaintiff because of her age and/or in retaliation for her having previously complained of gender discrimination, one or all of which were a factor and/or a motivating factor in the Defendant's decision not to hire the Plaintiff.

25. On or about January 2, 2020, Plaintiff received notice that her position would be "eliminated" as of February 2, 2020. This notification came from Ellyn Stoltz, who, along with Peter Beaupre, was well aware of Plaintiff's prior complaint of gender discrimination and of favoritism toward males

26. As a result of the discriminatory and/or retaliatory conduct described herein, Plaintiff has sustained damages and losses, including, but not limited to, loss of wages, loss of employment benefits and other emoluments of employment, emotional distress, additional damages and losses, and has incurred attorneys' fees and costs.

**AS AND FOR A FIRST, SECOND AND THIRD CAUSE OF ACTION PURSUANT TO TITLE VII, THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT (DISCRIMINATION)**

27. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 26 above.

28. By engaging in the foregoing conduct, Defendant has violated rights guaranteed to the Plaintiff under Title VII, the Age Discrimination in Employment Act, and the Connecticut Fair Employment Practices Act.

29. Defendant is liable under one or more of the foregoing laws under the legally applicable causation standards.

30. As aforementioned, Plaintiff has sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to compensation therefor.

### AS AND FOR A FOURTH, FIFTH AND SIXTH CAUSE OF ACTION PURSUANT TO TITLE VII, THE AGE DISCRIMINATION IN EMPLOYMENT ACT AND THE CONNECTIFCUT FAIR EMPLOYMENT ACT (RETALIATION)

31. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 30 above.

32. By engaging in the foregoing conduct, Defendant has violated rights guaranteed to the Plaintiff under Title VII, the Age Discrimination in Employment Act and the Connecticut Fair Employment Practices Act in that the Plaintiff was retaliated against for opposing discriminatory employment practices.

33. As aforementioned, Plaintiff has sustained damages by reason of the Defendant's wrongful actions and omissions and is entitled to damages therefor.

## **PUNITIVE DAMAGES**

34. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 33 above.

35. The acts and/or omissions of the Defendant herein were malicious, reckless, knowing, intentional, and were done in a deliberate, callous, malicious, wanton and oppressive manner intended to injure Plaintiff and were done with an improper and evil motive, amounting to malice and spite; and were done in conscious disregard of Plaintiff's rights. Plaintiff is therefore also entitled to an award of punitive damages, where entitled under the specific statutes which provide for punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against HFIC as follows:

 (a) awarding Plaintiff compensatory damages;

 (b) awarding Plaintiff punitive damages;

 (c) interest on all amounts due;

 (d) attorneys' fees and costs;

 (e) declaratory relief that the Defendant has violated the Plaintiff's rights under the law;

 (f) such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a jury trial of all claims herein.

Dated: June 21, 2021

Kenneth I. Friedman, Attorney for Plaintiff

_____
Kenneth I. Friedman
Law Offices of Ken Friedman, LLC
2389 Main Street
Glastonbury, CT 06033
Federal Juris No. CT 03344
860-659-6557 (p)
860-760-6017 (f)
ken@kenfriedman.com (email)